UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL JOSEPH BLANK

VERSUS

DARREL VANNOY

CIVIL ACTION

NO. 16-366-BAJ-RLB

ORDER

Before the Court is the petitioner's *Motion for Discovery Under Habeas Rule 6* (R. Doc. 27), *Motion to Transfer Evidence to Bode Technology* (R. Doc. 28), and *Motion to Transfer Fingerprint Evidence for Defense Expert Evaluation* (R. Doc. 29). The respondent filed an opposition to the petitioner's *Motion for Discovery Under Habeas Rule 6* (R. Doc. 43). For the following reasons, the motions are **DENIED**.

*Motion for Discovery Under Habeas Rule 6 & Motion to Transfer Evidence to Bode Technology*

In the petitioner's *Motion for Discovery Under Habeas Rule 6*,[1] he requests the Court issue a subpoena to the FBI for:

> [T]he DNA Profiles and Raw Data generated from: (1) Bat collected from scene of Victor Rossi's homicide - Lab No. 980921048 S HE GX- Specimen Q5; (2) Fingernail scrapings collected from homicide victim Salvador Arcuri - Lab No. 980921051 S HE GX, No. 70821030 S HE GX - Specimen Q159.1; (3) Cigarette Butts collected from scene of Millet attempted homicide - Lab No. 980921053 S HE GX, No. 70924019 S HE GX - Specimens Q8-Q16.[2]

In the petitioner's *Motion to Transfer Evidence to Bode Technology*,[3] he requests the Court issue an Order directing the following evidence custodians deliver the same items to Bode Technology: Terrebonne Parish Clerk of Court (Victor Rossi murder weapon), St. John the

---

[1] R. Doc. 27.
[2] R. Doc. 27-3.
[3] R. Doc. 28.

Baptist Sheriff's Office (Arcuri fingernail clippings), and Ascension Parish Sheriff's Office, District 2 Sub-Station (Millet cigarette butts).[4]

On July 20, 2020, the Court held a telephone status conference during which the Court raised the issue of the petitioner's outstanding discovery motions.[5] The Court advised that it appeared that counsel for the petitioner sought discovery that did not pertain directly to claims in the habeas petition (Claim 6), and asked whether the petitioner was now claiming that trial counsel was ineffective for failing to independently forensically test the cigarette butts found at the Millet attempted murder scene and that trial counsel was ineffective for failing to independently forensically test the fingernail scrapings from the Arcuri murders. Counsel confirmed that such claims were not before the Court and were not being asserted at this time. Counsel explained that the discovery at issue in the pending motions was sought to determine whether amending the petition to assert such claims would be appropriate.

Discovery is limited in habeas corpus proceedings. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson,* 210 F.3d 481, 487 (5th Cir.2000). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy,* 205 F.3d at 814. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify

---

[4] R. Doc. 28-3.
[5] R. Doc. 52.

2

discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.; see also Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994).

The first item the petitioner seeks to obtain in R. Doc. 27 is the baseball bat used to murder Victor Rossi. The petitioner specifically mentions his counsel's failure to obtain and DNA test the baseball bat as part of his ineffective assistance of counsel claim in Claim 6 of his habeas petition.[6] As discussed at length in the Report and Recommendation (R. Doc. 78), the Court finds that the petitioner's Claim 6 is unexhausted and procedurally defaulted. Accordingly, he cannot meet the "good cause" standard for discovery under Rule 6.

Furthermore, the petitioner is not entitled to discovery to attempt to develop the requirements for the *Martinez v. Ryan,* 566 U.S. 1 (2012) exception to procedural default he has requested be applied to Claim 6. The Fifth Circuit addressed the issue of additional discovery to establish the elements of the *Martinez* exception in *Segundo v. Davis*, 831 F.3d 345 (5th Cir. 2016). The petitioner in *Segundo* sought additional discovery so that he could invoke *Martinez* and revive a procedurally defaulted ineffective assistance of trial counsel claim. The Fifth Circuit held that *Martinez* does not mandate an opportunity for additional fact-finding to develop the elements of "cause" and "prejudice." Additionally, the Fifth Circuit found that it was not an abuse of discretion for the district court to refuse the petitioner an evidentiary hearing when it thoroughly reviewed the state court proceedings and made a specific determination that the petitioner's ineffective assistance of counsel claim was not substantial. *Id* at 351.

The petitioner also argues that he is entitled to the discovery pursuant to the *Schlup v. Delo,* 513 U.S. 298 (1995), "actual innocence" exception to procedural default. As also discussed in the Report and Recommendation (R. Doc. 78), "actual innocence" is not an independent

---

[6] R. Doc. 12, p. 256.

3

ground for habeas corpus relief. *See Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *In re Swearingen,* 556 F.3d 344, 348 (5th Cir. 2009); *see also Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual-innocence is *not* an independently cognizable federal-habeas claim."); *see, e.g., Matheson v. United States,* 440 Fed.Appx. 420, 421 (5th Cir. 2011). *See also*, *Herrera v. Collins,* 506 U.S. 390 (1993); *McQuiggin v, Perkins*, 569 U.S. 383 (2013).  Even if the petitioner could meet *Schlup's* demanding threshold for a showing of actual innocence,[7] the Court would merely be permitted to entertain the merits of his defaulted ineffective assistance of counsel claim.

The Court has already considered the merits of the petitioner's ineffective assistance of counsel claim (Claim 6) in connection with the respondent's procedural objections (R. Doc. 78). The Court thoroughly reviewed the state court record and determined that the petitioner's trial counsel was not ineffective for failing to obtain the baseball bat for DNA testing in advance of trial. Having failed to present a substantial claim for ineffective assistance of counsel, petitioner cannot meet the "good cause" standard for discovery under Rule 6 and is not entitled to discovery with respect to the Victor Rossi murder weapon requested in R. Doc. 27.[8]

The remaining items requested in R. Doc. 27 (Arcuri fingernail scrapings and Millet cigarette butts) do not pertain to any claims in the petition. While the petition alleged counsel was ineffective for failing to forensically test the Victor Rossi murder weapon, it does not include any allegation that counsel was ineffective with respect to the Arcuri fingernail scrapings or the Millet cigarette butts. The petitioner's counsel confirmed during the telephone status

---

[7] *See McQuiggin v, Perkins*, 569 U.S. 383 (2013) ("A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.")

[8] The Court notes that additional forensic testing of the baseball bat will not help the petitioner's ineffective assistance claim (Claim 6). The Court has already determined that trial counsel's performance was not deficient (R. Doc. 78); therefore, any results of the testing would be irrelevant to the merits of the claim.

4

conference held on July 20, 2020 that these items were sought to determine whether the petition should be amended to allege additional claims.[9] In this regard, the discovery requested is the type of "fishing expedition" specifically prohibited in habeas cases. *Murphy,* 205 F.3d at 814. Discovery must relate solely to a specifically alleged factual dispute, not to a general allegation. *See Ward*, 21 F.3d at 1367. Accordingly, the petitioner's *Motion for Discovery Under Habeas Rule 6* (R. Doc. 27) and *Motion to Transfer Evidence to Bode Technology* (R. Doc. 28) are DENIED.

### *Motion to Transfer Fingerprint Evidence for Defense Expert Evaluation*

The petitioner's *Motion to Transfer Fingerprint Evidence for Defense Expert Evaluation*[10] requests that the Court order the following evidence custodians to transfer fingerprint evidence to the petitioner's expert, Max Jarrell: Louisiana State Police, Ascension Parish Sheriff's Office, St. John the Baptist Parish Sheriff's Department, St. James Parish Sheriff's Office, Gonzales Police Department, Terrebonne Parish Clerk of Court, St. John the Baptist Parish Clerk of Court, St. James Parish Clerk of Court, and the Federal Bureau of Investigation.[11] The petitioner contends that over 330 fingerprints were collected from the various crime scenes but none were ever matched to him.[12] He also contends that his trial counsel and post-conviction counsel were ineffective for failing to obtain an independent fingerprint expert to examine the fingerprints in an effort to determine the identity of the actual perpetrator of the crimes.[13]

---

[9] R. Doc. 52.
[10] R. Doc. 29.
[11] R. Doc. 29-3.
[12] R. Doc. 29-1, p. 2.
[13] R. Doc. 29-1, p. 3.

On May 3, 2017, the petitioner filed a 622-page federal habeas petition asserting 28 claims for relief.[14] The petition does not include a claim alleging that the petitioner's counsel was ineffective for failing to obtain an independent fingerprint expert.[15] Thus, the petitioner is seeking discovery in order to support a claim that has not been raised and is not before the Court. Accordingly, the petitioner cannot meet the "good cause" standard and his *Motion to Transfer Fingerprint Evidence for Defense Expert Evaluation* (R. Doc. 29) is DENIED.

**IT IS ORDERED** that the Motions (R. Docs. 27, 28 and 29) are **DENIED.**

Signed in Baton Rouge, Louisiana, on November 3, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] R. Doc. 12.
[15] The petition faults his trial counsel for failing to effectively utilize available fingerprint evidence at trial (R. Doc. 12 p. 212-266, 419), but does not include an allegation that trial counsel failed to hire a fingerprint expert or independently test the fingerprints. In fact, any allegation that trial counsel failed to independently test the fingerprint evidence would be wholly inconsistent with the petitioner's allegations in Claim 10 that trial counsel did not have access to the fingerprint evidence in advance of trial. R. Doc. 12, pp. 429-443. This issue is discussed with respect to the allegations in Claim 6 that trial counsel failed to conduct independent forensic testing in the Report and Recommendation, recommending dismissal of Claim 6 (R. Doc. 78.).