UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL JOSEPH BLANK

VERSUS

DARREL VANNOY

CIVIL ACTION

NO. 16-366-BAJ-RLB

## ORDER

Before the Court is the petitioner's *Objections to and Requests to Supplement the Conventionally Filed Exhibits* (R. Doc. 89). On April 26, 2021, the Court issued an Order (R. Doc. 94) directing the respondents to respond to specific objections made by the petitioner to the contents of the state court record submitted in this matter. On May 13, 2021 the respondents submitted a response to the petitioner's objections and provided certain supplements to the record (R. Doc. 95, 96, 97, 98).

**Minutes (Batestamps A-HI)**

The respondents supplemented the record with R. Doc. 92-1, which the Court notes is identical in content to the document the petitioner represents are the correct Minutes from the direct appeal record (R. Doc. 95-1).

**Transcript of Evidentiary Hearing dated 7/21/15**

The respondents supplemented the record with R. Doc. 98, which the Court notes is identical in content to the document the petitioner represents is the correct transcript of the Transcript of the Evidentiary Hearing dated 7/21/15 (R. Doc. 92-2).

**Videotape #3**

The respondents provided the Court with a disc that purported to contain "Videotape #3," which is the portion of the petitioner's confession video depicting the questioning and administration of a polygraph by FBI agent David Sparks. The disc provided to the Court by the

respondents was devoid of data.[1] "Videotape #3" was produced by the petitioner is his conventional filing, labeled as "Videotape #3" and continuing through the beginning of the disc labeled "Videotape #4" (R. Doc. 18). The dialogue in the video submitted by the petitioner matches the transcript of the confession, which has been submitted by the respondents as part of the state court record.[2] This portion of the petitioner's confession is the basis of the petitioner's Claim 2 in his habeas petition. Accordingly, the Court will review and consider the petitioner's submission of the portion of the petitioner's confession video depicting the questioning and administration of a polygraph by FBI agent David Sparks ("Videotape #3" continuing through the beginning of the disc labeled "Videotape #4") when ruling on the petitioner's claims.[3]

**Exhibit List 11, Exhibit S-167 (in globo) 14 video CD-ROM discs**

Exhibit S-167 (in globo) is the trial exhibit of Daniel Blank's videoed confession in Onalaska, Texas on November 13, 1997. S-167 is comprised of 14 CD-ROM discs, each bearing a different label. The respondents advised the Court that CD-ROMs "4A" and "5A," which comprised part of Exhibit S-167 were unable to be copied (R. Doc. 95, p. 4). The respondents object to the Court considering the copies of "4A" and "5A" that have otherwise or previously been provided to the Court by the respondents or the petitioner. "4A" was provided to the Court by the petitioner as part of his conventional filing (R. Doc. 18). "5A" was provided to the Court by the respondents as part of their first conventional filing (R. Doc. 69). Trial Exhibit S-167, of which "4A" and "5A" are a part, was shown to the jury, was considered by the Louisiana courts in the petitioner's direct appeal and post-conviction proceedings and is relevant to the petitioner's habeas claims related to his confession. Furthermore, the Court has reviewed "4A,"

---

[1] After being informed that the disc was devoid of data, counsel for the respondents informed the Court that the only way they are able to reproduce "Videotape #3" in in a format that can only be viewed on a DVD machine and not a computer. The petitioner's discs of "Videotape #3" and "Videotape 4" can be viewed on a computer.
[2] "Videotape #3" (R. Doc. 18) matches the portion of the transcript found at R. Doc. 62-5, pp.189-219. "Videotape #4" matches the portion of the transcript found at R. Doc. 62-5, pp. 219-223.
[3] The questioning by David Sparks ends at approximately 10 minutes and 45 seconds into "Videotape #4."

submitted by the petitioner, and "5A," submitted by the respondent, and the dialogue matches the transcript of the confession video provided to the jury, which has been submitted by the respondents as part of the state court record.[4]  Accordingly, the Court will review and consider "4A" and "5A" when ruling on the petitioner's claims.

**Post-Conviction Relief Exhibits-State**

The electronic submission of this part of the state court record, as pointed out by the petitioner, is incomplete.  The respondents' electronic supplement (R. Doc. 95, 96, 98) does not contain all paper documents that were provided to the court conventionally.  Local Civil Rule 5 requires all documents to be filed with the Clerk of Court electronically.  The respondents are ordered to electronically file within 30 days <u>all</u> paper exhibits that were conventionally filed with the Court, including the State's Post Conviction Relief Exhibits.

**Exhibits to Mr. Blank's Application for Supervisory Writ of Review**

The respondents supplemented the record with R. Doc. 96, representing that the attachments included the exhibits to the petitioner's application for writ of certiorari to the Louisiana Supreme Court filed in docket No. 2016-KP-213.  Upon review, the documents in R. Doc. 96 include the documents listed in the "Index to the Exhibit Appendices"[5] except for the documents listed in "Volume 1 of 17" and "Volume 13 of 17." The respondents have 30 days to electronically supplement the record with these documents. The respondents do not need to conventionally file any of the documents in R. Doc. 96, including the documents to be supplemented.

Accordingly,

**IT IS ORDERED** that the Court will review and consider the discs submitted by the petitioner that depict the questioning and administration of a polygraph to the petitioner by FBI

---

[4] "4A" matches the portion of the transcript found at R. Doc. 62-5, pp. 222-238. "5A" matches the portion of the transcript found at 62-5 pp. 246-250 through 62-6, pp. 1-9.

[5] See, e.g. R. Doc. 96-1, p. 1-13.

agent David Sparks, labelled as "Videotape #3" and the beginning portion of "Videotape #4"[6] (R. Doc. 18), when ruling on the petitioner's claims;

**IT IS FURTHER ORDERED** that the Court will review and consider "4A," (submitted by the petitioner as part of R. Doc. 18) and "5A," (submitted by the respondents as part of R. Doc. 69), which are portions of the confession video shown to the jury *in globo* as "S-167" when ruling on the petitioner's claims;

**IT IS FURTHER ORDERED** that the respondents shall electronically file within 30 days <u>all</u> paper exhibits that were conventionally filed with the Court, including a complete version of the State's Post-Conviction Relief Exhibits;

**IT IS FURTHER ORDERED** that the respondents shall electronically supplement the record within 30 days with the documents listed in the Louisiana Supreme Court writ of certiorari "Index to the Exhibit Appendices" as "Volume 1 of 17" and "Volume 13 of 17;"

**IT IS FURTHER ORDERED** that upon compliance with this Order, the Court will consider the state court record to be complete.  Further objections to the record will only be entertained upon leave of Court.

Signed in Baton Rouge, Louisiana, on June 10, 2021.

                                                       **RICHARD L. BOURGEOIS, JR.**
                                                       **UNITED STATES MAGISTRATE JUDGE**

---

[6] Terminating approximately 10 minutes and 45 seconds into "Videotape #4."