UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL JOSEPH BLANK                                  CIVIL ACTION

VERSUS

DARREL VANNOY                                        NO. 16-00366-BAJ-RLB

## ORDER

The Court has reviewed the Status Report submitted by the parties on October 8, 2025. (R. Doc. 159). In it, the parties outlined the progress of the forensic examination and testing previously ordered by this Court.

Incredibly, despite being compelled by an Order of this Court to produce certain discovery within its control and being explicitly directed to coordinate such production,[1] Respondent's counsel did not understand that it was their responsibility to coordinate with the Louisiana State Police Crime Laboratory and direct the LSP to conduct the DNA database searches ordered by the Court. (Doc. 159 at 5). The District Attorney's Office, as the prosecuting authority, has control of the DNA and forensic evidence at issue. *State v. Busby*, 653 So.2d 140, 143 (La. App. 3 Cir. 1995) ("The videotapes were within the control and custody of the Office of Community Services and, by extension, the district attorney's office had control, custody, and possession of them."). It therefore has the authority to direct a state crime lab, like the LSP Crime Lab, to run certain tests related to the evidence within its control. Therefore, Respondent's counsel—the party from whom discovery was sought—

---

[1] *See* R. Doc. 147 at 1: "[Order 142] required Vannoy to... direct the LSP Crime Lab to search for potential DNA matches in COIDS and other DNA databases."

clearly was responsible for directing LSP to take whatever steps necessary to carry out the Court's Orders.

What's more, counsel for LSP, Faye Dysart Morrison, continues to ignore not only this Court's clear Orders but also the LSP's role in the processing of forensic evidence and within the state's criminal justice system.[2] Indeed, the "Louisiana State Police Crime Laboratory is a part of the Louisiana Department of Public Safety and Corrections."[3] When the LSP, again represented by Ms. Morrison, refused to comply with the Court's prior discovery Order, the Court warned it would enforce future orders "through civil contempt proceedings, as necessary." (Doc. 125 at 3). Despite this, LSP still refuses to cooperate, even raising the same failing arguments. (Doc. 159-1).[4]

It seems clear that the issues addressed in the Status Report require a hearing. And because the gravamen of those issues concerns the Louisiana State Police Crime Lab, its counsel, Faye Dysart Morrison, will also be present at that hearing.[5] Therefore,

---

[2] La. C. Cr. P. art. 926.1(F) ("[T]he court shall serve a copy of the application on the district attorney and the law enforcement agency which has possession of the evidence to be tested, including but not limited to sheriffs, the office of state police, local police agencies, and crime laboratories.

[3] Available at: https://lsp.org/about/leadershipsections/support/crime-lab (last visited October 17, 2025).

[4] The Court assumes the draft document attached to the Status Report was authored by Ms. Morrison on behalf of LSP. However, it contains no heading, caption, introduction, conclusion or even a signature. There is no indication of its author or on whose behalf it was written. To the Court's surprise, Respondent's counsel was willing to attach this draft document to the Status Report for filing in federal court. Documents of this quality will not be accepted by the Court going forward.

[5] Ms. Morrison is advised that "there is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *In re Missouri Dep't of Nat.*

**IT IS ORDERED** that a hearing is set for November 12, 2025 at 1:30 p.m. in Courtroom 1 before United States District Judge Brian A. Jackson.

Participants will come prepared with detailed factual explanations of all issues addressed in the Status Report, especially those concerning the Millett cigarette butts. In particular, the Court expects Respondent and the LSP to give a detailed explanation as to why the DNA database searches have not been completed. Participants must also come prepared with legal authority—i.e., cases, statutes, regulations, administrative procedures, policies, manuals—that is accurate, relevant and supportive of their positions.

To be clear, Respondent and the LSP boldly outline the stringent—better yet, unyielding—restrictions to which the LSP is bound in order to maintain its accreditation. LSP claims it cannot effectively take ownership of DNA results obtained by the FBI, it will be banned from CODIS if it were to upload the FBI's DNA results, and it cannot provide CODIS results to a private party,[6] among other things. If LSP continues to maintain these positions, supporting authority must be presented at the hearing. Likewise, if Petitioner suggests alternative avenues are available,

---

*Res.*, 105 F.3d 434, 436 (8th Cir. 1997). To be clear, the Eleventh Amendment does not shield the Louisiana State Police from assisting the Respondent in complying with the discovery ordered by the Court in this habeas proceeding, and it does not shield Ms. Morrison from appearing at the November 12, 2025 hearing. *See Allen v. Woodford*, 544 F. Supp. 2d 1074, 1079 (E.D. Cal. 2008) ("[T]he Eleventh Amendment does not apply to preclude discovery from a State agency . . . . The Non–Parties' assertion that they must comply with the subpoenas in their official capacities as custodians of record is irrelevant; no judgment or other relief of any kind is sought against them in this litigation."). And even if the Eleventh Amendment did apply—it does not—Congress has waived it for suits under 28 U.S.C. § 2254.

[6] But See La. C. Crim. P. art. 926.1(H)(1) ("The results of the DNA testing ordered under this Article shall be filed by the laboratory with the court and served upon the petitioner and the district attorney.").

support should be provided as well. To be clear, the Court expects all participants to provide either accurate citations or hard copies of all supporting authority.

Finally, to avoid any further "assum[ptions]" as to who is responsible for informing the LSP and its counsel, Faye Morrison, of this Order, the Court now makes clear,

**IT IS ORDERED** that Respondent's counsel will immediately perfect personal service of this Order on the following individuals:

> Ms. Faye Morrison  Captain Chad Guidry
> *Counsel for LSP*  *LSP Crime Lab Director*

Respondent's counsel should receive confirmation that both individuals have personally received a copy of this Order. Once Respondent obtains that confirmation,

**IT IS FURTHER ORDERED** that within 7 days of this Order, Respondent will file Notice of Service in the record, confirming that service of the Court's Order has been made on both Ms. Morrison and Captain Guidry.

Baton Rouge, Louisiana, this 22nd day of October, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**