UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL JOSEPH BLANK                                 CIVIL ACTION

VERSUS

DARREL VANNOY                                NO. 16-00366-BAJ-RLB

ORDER

Before the Court is Respondent's **Renewed Motion to Enroll Additional Counsel (Doc. 158)**, which remains partially pending before the Court. Respondent seeks to enroll Ryan K. French of Taylor, Porter, Brooks & Phillips, LLP. Petitioner objects to the enrollment of a private attorney on behalf of the State in this capital post-conviction proceeding and raises concerns about the propriety of Taylor Porter's involvement.[1] (Docs. 166, 198).

In *Draughn v. Vannoy*, No. 2025-KD-0128 (La. 12/16/2025), the Louisiana Supreme Court found that the Attorney General was not prohibited from hiring private counsel, including Taylor Porter, to assist in defending the State or State officers in habeas cases. The Louisiana Board of Ethics also determined that the contract between the Attorney General and Taylor Porter is permissible. (Doc. 188-1).

---

[1] The Attorney General's husband is a partner at Taylor Porter. (Doc. 188-1) (Board of Ethics Opinion confirming John Murrill's position as a partner and his 2.7% ownership interest in Taylor Porter). Taylor Porter has contracts with the Attorney General's Office to perform legal work on the Attorney General's behalf. (Doc. 166-1 to 166-7).

Petitioner correctly points out that the Court has the authority to determine who may appear before it. *See United States v. State of La.*, 751 F. Supp. 608, 614 (E.D. La. 1990) ("[T]his Court has . . . [the] power to resolve who may be permitted to appear before it and . . . neither state statutes nor state courts can be dispositive of any dispute over representation of a party in this federal court case."). But keeping in mind the importance of a party's choice of counsel, and that "the power to control admission . . . ought to be exercised with great caution," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), the Court does not find it appropriate to deny Respondent his choice of counsel.

The Court, however, remains mindful that Petitioner has raised valid concerns about the propriety of private counsel's involvement in capital habeas proceedings. *Accord Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 805 (1987) (recognizing that enrollment of private counsel on the government's behalf has at least "the potential for private interest to influence the discharge of public duty."); *see also State v. Tate*, 171 So. 108, 112 (La. 1936) (noting that the district attorney, as representative of the state, "seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers as it is to see that no guilty man escapes"); *State v. Reed*, 405 So. 3d 560, 561 (La. 2025) (Wimer, J., concurring) ("Time and time again the United State Supreme Court has reminded us 'death is different' because that sentence, once imposed, cannot be rectified."). The Court here, and in all cases, is charged with safeguarding "public confidence in the judicial system [and] the legal profession," *Drumm v. Drumm*,

2

No. 25-2223, 2026 WL 221001, at *5 (E.D. La. Jan. 28, 2026), and "is obliged to take measures against unethical conduct occurring in connection with any proceeding before it," *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976). Thus, the Court may revisit the issue in the future if necessary.

Accordingly,

**IT IS ORDERED** that Respondent's **Renewed Motion to Enroll Additional Counsel (Doc. 158)** is **GRANTED**. The following attorney will be added as counsel on behalf of Respondent:

Ryan K. French
La. Bar Roll No. 34555
Taylor, Porter, Brooks & Phillips, LLP

Baton Rouge, Louisiana, this 18th day of March, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3